J-S16030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                              :         PENNSYLVANIA
                                              :

          v.                                     :
                                              :

MATTHEW CHRISTIAN MARSHALL     :
                                              :

          Appellant                      :      No. 1666 MDA 2024

Appeal from the PCRA Order Entered October 9, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000087-2024

BEFORE: LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:           **FILED: JULY 14, 2025**

Matthew Christian Marshall appeals from the order that both dismissed his first Post Conviction Relief Act ("PCRA") petition and denied his motion for *nunc pro tunc* relief. We affirm the dismissal of the PCRA petition, and consistent with our High Court's holding in ***Commonwealth v. Stock***, 679 A.2d 760 (Pa. 1996), we vacate the denial of *nunc pro tunc* relief and remand the case for further proceedings.

The salient factual and procedural background are as follows. On October 24, 2023, Pennsylvania State Police charged Appellant with disorderly conduct graded as a third degree misdemeanor and two summary offenses in relation to an August 2023 conflagration at Appellant's mobile home located at the Western Village RV Park in South Middleton Township, Cumberland County. Appellant was detained pending the preliminary hearing wherein, he

appeared remotely from SCI Mahanoy and acting *pro se*, pleaded guilty to

disorderly conduct pursuant to Pa.R.Crim.P. 550.[1]  In the written guilty plea

_____

[1] Rule 550 provides as follows:

> (A) In a court case in which a magisterial district judge is specifically empowered by statute to exercise jurisdiction, a defendant may plead guilty before a magisterial district judge at any time up to the completion of the preliminary hearing or the waiver thereof.
>
> (B) The magisterial district judge may refuse to accept a plea of guilty, and the magisterial district judge shall not accept such plea unless there has been a determination, after inquiry of the defendant, that the plea is voluntarily and understandingly tendered.
>
> (C) The plea shall be in writing:
>
> > (1) signed by the defendant, with a representation by the defendant that the plea is entered knowingly, voluntarily, and intelligently; and
> >
> > (2) signed by the magisterial district judge, with a certification that the plea was accepted after a full inquiry of the defendant, and that the plea was made knowingly, voluntarily, and intelligently.
>
> (D) A defendant who enters a plea of guilty under this rule may, within 30 days after sentence, change the plea to not guilty by so notifying the magisterial district judge in writing. In such event, the magisterial district judge shall vacate the plea and judgment of sentence, and the case shall proceed in accordance with Rule 547, as though the defendant had been held for court.
>
> (E) Thirty days after the acceptance of the guilty plea and the imposition of sentence, the magisterial district judge shall certify the judgment, and shall forward the case to the clerk of courts of the judicial district for further proceedings.

Pa.R.Crim.P. 550.

form, the magisterial district judge ("MDJ") certified that Appellant had been advised of his right to counsel and entered the plea knowingly, voluntarily, and intelligently. *See* Guilty Plea, 12/11/23 at 1. The Commonwealth withdrew the summary offenses, and the MDJ imposed no further penalty, adding the hand-written notation, "Time Served Credit Given" to the sentencing form. Order, 12/11/23 at 1. Appellant did not attempt to withdraw his guilty plea within thirty days pursuant to Pa.R.Crim.P. 550(D).

On August 9, 2024, Appellant, again acting *pro se*, filed a PCRA petition asserting that the Cumberland County Public Defender's Office ("Public Defender") provided ineffective assistance for allegedly failing to advise him that the disorderly conduct conviction would cause him to violate the terms of the state parole he was serving for an unrelated offense committed in Northumberland County. Appellant alleged that, "although not reflected in the docket entries, [he] was represented by the [Public Defender.]" *Pro Se* PCRA Petition, 8/9/24, at 1. He sought the withdrawal of his guilty plea and the reinstatement of his right to trial in the Court of Common Pleas. The PCRA court appointed counsel, who filed a motion to withdraw from representation pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988), asserting that, since Appellant was sentenced to time served, he was not currently serving a sentence for the underlying disorderly conduct and therefore ineligible for PCRA relief pursuant to § 9543(2).

On August 30, 2024, the PCRA court granted counsel's motion to withdraw from representation and pursuant to Pa.R.Crim.P. 907, the court issued notice of its intent to dismiss the PCRA petition without hearing. Consistent with Rule 907, the court provided Appellant twenty days to respond.

Appellant neglected to file a timely response to the Rule 907 notice. Rather, thirty-eight days later, he filed a motion to appeal the MDJ order *nunc pro tunc*. Contrary to Appellant's prior assertion that the Public Defender provided ineffective assistance, Appellant now asserted that "the guilty plea was obtained in violation of [his] constitutional right to counsel," which he asserted he never waived pursuant to Pa.R.Crim.P 122. Motion, 10/7/24 at ¶¶ 6, 11. He explained that "due to a breakdown in the video process, the hearing was transferred to a telephone" and maintained that he spoke on the telephone with a man he "believed was an attorney[,who] asserted to [him] that the guilty plea could not serve as a basis to revoke his state parole because the [d]istrict [c]ourt was not a court of record." *Id*. at ¶¶ 7, 10. In addition, Appellant invoked **Stock** for the proposition that a motion for *nunc pro tunc* appeal is appropriate where, as here, a criminal defendant cannot

seek relief under the PCRA because he or she does not satisfy the § 9543(2) eligibility requirements.[2]  Motion, 10/7/24, at 4-5.

Treating Appellant's motion as an untimely response to the 907 Notice, on October 9, 2024, the court entered a single order that both denied the request to reinstate Appellant's direct appeal rights without addressing our Supreme Court's rationale in **Stock** and dismissed the PCRA petition because Appellant was not eligible for post-conviction relief.  Order, 10/9/24, at 1-2. This appeal followed.[3]  Appellant complied with the court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

He raises the following issues for our review:

A. The court below erred when it concluded that the motion to appeal *nunc pro tunc* filed on October 7, 2024, was an untimely response to the court's order to dismiss his PCRA petition pursuant

---

[2] While Appellant references a *de novo* appeal to the Court of Common Pleas, which is the procedure for challenging summary convictions in the magisterial district court, the instant case involving Pa.R.Crim.P 550 implicates the *de novo* withdrawal of a guilty plea.  Regardless of Appellant's mischaracterization, as discussed in the body of this memorandum, no functional difference exists between the two procedures.

[3]  Appellant failed to file the notice of appeal within thirty days of the October 9, 2024 order.  However, the trial court docket does not indicate that Appellant was served with the order pursuant to Pa.R.Crim.P. 114(C)(2)(c) (docket entries shall contain the date of service of the order).  Thus, we treat the notice as timely filed. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa.Super. 2023) ("Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely.").

to Pa.R.Crim.P. 907 rather than a new and separate motion for relief after his PCRA petition had been dismissed.

B. The court below erred when it denied the motion to appeal *nunc pro tunc* filed on October 7, 2024 where . . . [A]ppellant had entered an uncounseled guilty plea to a misdemeanor charge in the magisterial district court and was not aware of his right to appeal to the court.

Appellant's brief at 3.[4]

As Appellant's motion for *nunc pro tunc* relief conceded that he was ineligible to proceed under the PCRA and specifically invoked the alternative framework the High Court outlined in **Stock**, we consider whether the trial court abused its discretion by summarily denying the motion based on Appellant's ineligibility for PCRA relief without analyzing the claim in the context of the **Stock** Court's limited remedy.[5] Appellant asserts that the court erred in treating his motion as an untimely response to the court's Rule 907 Notice. Appellant's brief at 9. Discounting the nuance in Appellant's position, the trial court explained that it denied Appellant's motion because the requested relief is cognizable under the PCRA, and the court could not have interpreted the motion as anything but "a supplemental request for relief

---

[4] Because we remand for the court to consider the merits of Appellant's request for *nunc pro tunc* relief, we do not address the second issue raised in the statement of questions presented.

[5] As Appellant does not challenge the portion of the October 9, 2024 order that dismissed his PCRA petition without a hearing, we do not disturb it. **See Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due.") (cleaned up).

under the PCRA." Trial Court Opinion, 12/18/24, at 8. The Commonwealth proffers a similar position, maintaining that Appellant is not eligible for PCRA relief because he is no longer serving a sentence for disorderly conduct. For the following reasons, we find that the court erred in failing to review the motion outside of the PCRA construct.

First, having granted counsel's petition to withdraw from representation and provided Appellant notice pursuant to Rule 907, the court abused its discretion in deeming the subsequent motion for *nunc pro tunc* appeal as "a supplemental PCRA pleading." **See** Trial Court Opinion, 12/18/24, at 11. We have consistently held that responses to notices of dismissal are distinct from PCRA petitions. **See e.g. Commonwealth v. Miranda**, 317 A.3d 1070 (Pa.Super. 2024) (reiterating, other than allegations of PCRA counsel's ineffectiveness, new claims cannot be raised in response to Rule 907 notice without court permission). Furthermore, while Appellant asserted this request in a filing that followed the PCRA court's Rule 907 notice, the trial court decision to treat it as a supplemental PCRA filing and deny relief due to Appellant's ineligibility elevated form over substance. Plainly, Appellant's motion requested permission to appeal *nunc pro tunc* **because** he could not satisfy §9543(2)'s eligibility requirements. Hence, the trial court erred in confining its review of the motion to the PCRA and dismissing it on procedural grounds. **Cf**. **Commonwealth v. Alaouie**, 837 A.2d 1190, 1193 (Pa.Super. 2003) (viewing appellant's offer of explanation for untimely appeal as a

request for *nunc pro tunc* relief and concluding trial court erred in dismissing summary appeal without entertaining explanation).

Second, this case implicates the Rule 550 corollary to the petition to appeal a summary conviction *nunc pro tunc* that the Supreme Court addressed in **Stock**, where a district justice convicted a defendant of three summary traffic offenses and imposed fines. Stock's attorney failed to file a timely *de novo* appeal to the Court of Common Pleas, who quashed the untimely appeal and denied the ensuing motion to appeal *nunc pro tunc*. We affirmed, and our Supreme Court reversed. In reinstating Stock's appellate rights, the High Court observed that Stock would lose his absolute right of appeal under Article V, section 9 of the Pennsylvania Constitution unless he received leave to appeal *nunc pro tunc*. Equating the situation before it to one involving an adjudication of delinquency, the court reasoned,

> Were we to decide that [Stock] could not appeal *nunc pro tunc* despite the fact that his state constitutional right to appeal was denied him, [Stock] would have no other recourse. His conviction would stand and he would be without remedy. [Stock] is not able to vindicate his right to appeal via the Post Conviction Relief Act since he is not eligible to seek relief thereunder because he is not incarcerated in this Commonwealth under a sentence of death or imprisonment or on parole or probation. In this regard, we find the reasoning of **In the Interest of A.P.**, [617 A.2d 764 (Pa.Super. 1992) (*en banc*)] persuasive and applicable herein. In **A.P.**, a juvenile was adjudicated delinquent and he alleged that he was denied his right to appeal due to counsel failing to timely file an appeal. In **A.P.**, the Superior Court reasoned
>
> > A.P. has no other means of redress; a *nunc pro tunc* appeal is the only means by which a juvenile can challenge the stewardship of his trial counsel because the Post Conviction Relief Act, **supra**, which would be the remedy for an adult is

- 8 -

not available to a juvenile. If the constitutional right to appellate review is to mean anything under these circumstances, it must be protected through a *nunc pro tunc* appeal.

*A.P.*, 617 A.2d at 768. Likewise here, if [Stock's] state constitutional right to an appeal is to have any meaning and is to be vindicated, it can only be vindicated by granting him an appeal *nunc pro tunc*. . . . Accordingly, we conclude that the Court of Common Pleas abused its discretion in denying [Stock] leave to file an appeal *nunc pro tunc* from the District Justice, and, therefore, reverse the order of the Superior Court and remand this case for proceedings not inconsistent with this opinion.

*Id*., at 764-65 (cleaned up) (select internal quotations and citations omitted).

Subsequent caselaw illuminated *Stock's* limited application to situations where PCRA relief is wholly foreclosed based upon the movant's ineligibility. *See e.g. Commonwealth v. Descardes*, 136 A.3d 493, 502 (Pa. 2016) (reiterating, *Stock* applies where defendant is "never eligible" for relief under the PCRA.). *But see Commonwealth v. Hall*, 771 A.2d 1232, 1235-36 (Pa. 2001) (distinguishing case's procedural posture from *Stock* and concluding that PCRA was sole remedy because defendant **was** eligible for PCRA relief when counsel allegedly failed to file direct appeal). The *Hall* Court explained the dichotomy thusly,

*Stock* is consistent with our PCRA jurisprudence, which recognizes that the PCRA subsumes other remedies only with respect to remedies offered under the PCRA. Since no PCRA remedy was ever available to the defendant in *Stock*, resort to another avenue to vindicate the important constitutional right at issue was both appropriate and necessary. That is decidedly not the case here.

*Id*. at 1237.

- 9 -

As outlined in Rule 550(D), a defendant has an absolute right to withdraw a guilty plea entered before a MDJ within thirty days and proceed to trial in the Court of Common Pleas. In this regard, the Rule 550 withdraw procedure is the functional equivalent to a defendant's right to appeal from a MDJ's summary conviction because under either procedure, the case proceeds to trial in the Court of Common Pleas. *See* Pa.R.Crim.P 550(D), ("In such event [as a withdrawal], the [MDJ] shall vacate the plea and judgment of sentence, and the case shall proceed in accordance with Rule 547, as though the defendant had been held for court.") *See* also Pa.R.Crim.P. 550 *cmt*. ("A 30-day time period for withdrawal of the plea is consistent with the 30-day period for summary appeal[.]").

Just as our Supreme Court determined that *nunc pro tunc* relief was available for Stock to vindicate his right to a direct appeal from a summary conviction when he was ineligible for PCRA relief, the same equitable principles apply to Appellant's ability to seek to assert his right to withdraw the guilty plea and proceed to trial in this case. Pursuant to **Stock**, because Appellant was never eligible for PCRA relief, the only way to vindicate his constitutional right to trial is to determine if he is entitled to withdraw the guilty plea *nunc pro tunc*. Instantly, Appellant asserts that he was denied counsel when he pleaded guilty before the MDJ and further contends that the denial of counsel caused him to miss the thirty-day deadline to withdraw his guilty plea and proceed to trial in the Court of Common Pleas. To the extent that the court

proffered any substantive rationale for denying Appellant's motion for *nunc pro tunc* relief, it simply observed that Appellant filed the motion approximately nine months after the period to withdraw pursuant to Rule 550. Order, 10/9/24, at 1. As outlined in **Stock**, 679 A.2d at 764, however, the appropriate review of a request for *nunc pro tunc* relief in this context requires a determination concerning whether the right "has been lost due to certain extraordinary circumstances," which in this case, Appellant asserts was the confusion regarding the status of his legal representation and the legal advice he received during the audio portions of the remote hearing. As the court did not address the merits of these assertions, we vacate the aspect of the order denying *nunc pro tunc* relief and remand for the trial court to determine whether Appellant's failure to comply with the thirty-day period to withdraw should be excused and he should be permitted to withdraw *nunc pro tunc*.

Order affirmed in part, vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

P.J. Lazarus and Judge Lane concur in the result.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/14/2025